JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-1083 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | Able S. Villasenor v. Tortas Sinaloa #2, et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by Kimberly Alarcon ("Alarcon" or "Removing Defendant"). In his Complaint, plaintiff Abel S. Villasenor,[1] as Trustee of the Salver Family Trust ("Plaintiff"), alleges a single state law claim for unlawful detainer against Alarcon, Maria Elena Asencio, and Tortas Sinaloa #2. Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction based on (1) diversity jurisdiction under 28 U.S.C. § 1332, (2) federal question jurisdiction under 28 U.S.C. § 1331, and (3) 28 U.S.C. § 1443(1), which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal civil rights of citizens of the United States."

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Removing Defendant has failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Removing Defendant alleges that the amount in controversy exceeds $75,000. However, in unlawful detainer actions, the title to the property is not involved. Only the right to possession is

---

[1]      The Notice of Removal does not spell Plaintiff's name as it appears in the Complaint.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-1083 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|
| Title | Able S. Villasenor v. Tortas Sinaloa #2, et al. | | |

implicated. Evans v. Superior Court, 67 Cal. App. 3d 162, 170 (1977). As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property. Id. Here, Plaintiff is seeking past-due rent of $4,500, attorneys' fees, statutory damages of $600, and damages at the rate of $200 per day from April 1, 2016. Plaintiff also indicates that the "[a]mount demanded . . . does not exceed $10,000." Given that the value of the subject real property is not in controversy, Removing Defendant has failed to show that this action meets the minimum jurisdictional requirement.

Removing Defendant has also failed to establish this Court's jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption." Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer. The Notice of Removal includes text that appears to be copied from another case referring to claims "brought under federal consumer financial law" and claims "brought by the Bureau" under various federal statutes. None of these claims are reflected in the Complaint. Accordingly, the Complaint does not present any claim "arising under" federal law.

Finally, the Notice of Removal's invocation of 28 U.S.C. § 1443 does not support removal. A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, that "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . ." 28 U.S.C. § 1443(1).

A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in Georgia v. Rachel, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and City of Greenwood,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 16-1083 PA (RAOx) | Date | May 26, 2016 |
|---|---|---|---|

| Title | Able S. Villasenor v. Tortas Sinaloa #2, et al. |
|---|---|

Miss. v. Peacock, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006). Removing Defendant does not allege any facts that would support removal under § 1443 and therefore Removing Defendant meets neither part of the Supreme Court's test in Georgia v. Rachel. There is no allegation or any other indication that Removing Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that she is unable to pursue such a claim or that the state court is unable or unwilling to enforce such a claim. Therefore, the Notice of Removal's allegations are insufficient to establish the Court's jurisdiction under § 1443.

For all of the foregoing reasons, Removing Defendant has failed to meet her burden of establishing federal subject matter jurisdiction. Accordingly, this action is hereby remanded to San Bernardino County Superior Court, Case No. UDFS1602120. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

JS-6